# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LONNIE PATRICK,**
**Claimant Below, Petitioner**

**FILED**

March 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 15-0276** (BOR Appeal No. 2049767)
(Claim No. 2013004881)


**CCBCC, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Lonnie Patrick, by Jerome J. McFadden, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CCBCC, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed an August 22, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 24, 2012, decision denying Mr. Patrick's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Patrick worked as a route salesman for CCBCC, Inc., on August 17, 2012, when he allegedly injured his right knee. Mr. Patrick alleges that his knee locked up while he was standing from a seated position. He experienced a work-related right knee injury on April 27, 2007, which diagnostic testing showed was superimposed on pre-existing osteoarthritis in the medial compartment. Mr. Patrick requested that the alleged August 17, 2012, right knee injury be

1

held compensable. Chuanfang Jin, M.D., opined that based on the facts there is no convincing clinical evidence of an injury and Mr. Patrick's clinical symptoms and signs are consistent with his underlying pre-existing degenerative osteoarthritis of the knee and its natural history of being progressive. Dr. Jin stated that the symptoms can change when the pathology progresses and that a change in the symptoms does not necessarily indicate an injury unless there is evidence of an injury. Philip J. Branson, M. D., found that Mr. Patrick has a marked change in his functional level after the 2012 injury which has prevented him from returning to work. He stated that the degenerative changes, right knee pain, and change in function would be related to either Mr. Patrick's 2007 workers' compensation claim or the 2012 workers' compensation claim. On October 16, 2012, Robert P. Kropac, M.D., opined that Mr. Patrick's most recent injury on August 17, 2012, further aggravated his right knee condition. The claims administrator issued a decision to correct its August 23, 2012, Order which had an incorrect claim number. The claims administrator denied Mr. Patrick's application for workers' compensation benefits because the evidence relating to Mr. Patrick's condition is insufficient to establish his diagnosed condition arose from an incident which occurred in the course of and resulting from his employment.

The Office of Judges affirmed the claims administrator's August 24, 2012, decision and found that a preponderance of the credible evidence fails to establish that Mr. Patrick sustained a new injury on August 17, 2012. The Board of Review affirmed the Office of Judges' August 22, 2014, Order. On appeal, Mr. Patrick disagrees and asserts that the Board of Review committed an error by not considering his testimony and evidence regarding how the injury occurred and that his work activity increased the risk of injury. CCBCC, Inc., maintains that Mr. Patrick has a well-established history of chronic knee pain and that four years before the alleged injury, A.E. Landis, M.D., predicted that Mr. Patrick's knee condition would continue to deteriorate due to degeneration. CCBCC, Inc., further maintains that Mr. Patrick was simply standing from a seated position when he allegedly injured his right knee.

The Office of Judges considered whether Mr. Patrick sustained a new injury on August 17, 2012, or an aggravation or progression of his April 27, 2007, injury. For the 2007 injury, Mr. Patrick received an arthroscopic surgery in December of 2007 and was diagnosed by Dr. Landis with a moderate injury to his right knee superimposed on pre-existing moderate degenerative changes in the medial compartment. Dr. Landis also opined that the arthritis in Mr. Patrick's right knee is progressive due to the natural progression of that disease process. Mr. Patrick continued to seek treatment for his right knee, and on December 16, 2010, Dr. Branson indicated that Mr. Patrick represented to him that he was experiencing "occasional" mechanical catching and locking of the knee. Mr. Patrick was seen by Dr. Kropac who found that a new injury did occur on August 17, 2012, but did not explain why he found this was a new injury as opposed to a re-aggravation of the old 2007 injury. Dr. Branson is much less certain regarding this issue. He stated that the degenerative changes, right knee pain, and change in function would be related to either the 2007 or the 2012 workers' compensation claim.

Dr. Jin opined that Mr. Patrick did not sustain a work-related injury in 2012 and found that because of Mr. Patrick's progression of the underlying pathology of degenerative osteoarthritis, Mr. Patrick's symptoms would have occurred notwithstanding the activity in which he engaged. Dr. Jin found that the act of standing from a seated position is a common

activity which most people perform routinely without ever experiencing any difficulty whatsoever.  The Office of Judges determined that Dr. Jin's report is the most comprehensive on the issue. Therefore, the Office of Judges concluded that the preponderance of the evidence fails to establish that Mr. Patrick did in fact experience a new injury on August 17, 2012, and found that it is unclear if Mr. Patrick experienced a re-aggravation of an old injury or a manifestation of his non-compensable degenerative arthritis. The Board of Review agreed with the reasoning and conclusions of the Office of Judges. This Court agrees with the Board of Review. Based on the evidence, Mr. Patrick has not proven by a preponderance of the evidence that he suffered a new injury or that an aggravation of an old injury has occurred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II